

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 3 0 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GERALD M. ALEXANDER | * | |
| | * | |
| *versus* | * | |
| | * | CIVIL ACTION B-03-219 |
| PRUDENTIAL FINANCIAL AND THE | * | |
| PRUDENTIAL INSURANCE COMPANY OF | * | |
| AMERICA | * | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to **Rule 26 (f) of the Federal Rules of Civil Procedure** and the **Order Setting Conference dated December 3, 2003**, counsel for all parties have prepared and filed , at least fourteen (14) days before the Initial Pre-Trial Conference in this civil action, this Joint Discovery/Case Management Plan and provide this Honorable Court with the following information:

**1.     State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

**ANSWER:**

The Rule 26(f) conference was held by telephone conference on Thursday, January 29, 2004.  The following counsel participated:

Victor Quintanilla—Counsel for Plaintiff

Katherine Rabe Kull—Counsel for Defendants

**2.     List the cases related to this one that are pending in any state or federal court with the case number and court.**

**ANSWER:**

None.

**Page -1-**

3.   **Specify the allegation of federal jurisdiction.**

**ANSWER:**

This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C.§ 1331 because it involves a federal question.  The claims made by Plaintiff are completely preempted by ERISA.

Alternatively, this Court has jurisdiction to hear this case pursuant to 28 U.S.C.§ 1441(b).

4.   **Name the parties who disagree and the reasons.**

**ANSWER:**

None.

5.   **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

**ANSWER:**

None at this time.

6.   **List anticipated interventions.**

**ANSWER:**

None.

7.   **Describe class-action issues.**

**ANSWER:**

None.

8.   **State whether each party represents that it has made the initial disclosures required by Rule 26(a).   If not, describe the arrangements that have been made to complete the disclosures.**

**ANSWER:**

Rule 26(a) disclosures have not yet been exchanged by the parties.  The parties have agreed that such disclosures will be exchanged within thirty (30) days after the initial pretrial conference which is currently scheduled on Friday, February 13, 2004 at 9:30 a.m..

9. **Describe the proposed agreed discovery plan, including:**
   A. **Responses to all the matters raised in Rule 26(f).**
   B. **When and to whom the plaintiff anticipates it may send interrogatories.**
   C. **When and to whom the defendant anticipates it may send interrogatories.**
   D. **Of whom and by when the plaintiff anticipates taking oral depositions.**
   E. **Of whom and by when the defendant anticipates taking oral depositions.**
   F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**
   G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**
   H. **List export depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

**<u>ANSWER:</u>**

A. Plaintiff anticipates that he will conduct discovery into all contested issues, including, but not limited to the claims raised by Plaintiff and the defenses asserted by Defendants.

   Defendants contend that the Court's review is limited to the administrative record. Furthermore, Defendants contend that no expert witnesses should be allowed as this is an ERISA case.

   No changes will be made in the timing, form, or requirement for disclosures under Rule 26(a).

   Defendants contend that discovery should be limited to the administrative record.

B. Plaintiff anticipates propounding interrogatories to Defendants within sixty (60) days after the initial pretrial conference which is currently scheduled on Friday, February 13, 2004 at 9:30 a.m..

C. Defendants reserve the right to propounding interrogatories to Plaintiff within the discovery period.

D. Plaintiff anticipates taking the depositions of Defendants' agents, employees, and/or representatives who have knowledge of the insurance policy made the basis of Plaintiff's claims as well as any and all fact witnesses who have knowledge of relevant facts and all individuals who have knowledge of the

automobile accident in which Plaintiff's brother, David M. Alexander, died. Plaintiff anticipates commencing these said depositions within seventy-five (75) days after the initial pretrial conference which is currently scheduled on Friday, February 13, 2004 at 9:30 a.m..

**E.**   Defendants do not anticipate taking any oral depositions at this time as the Court's review is limited to the administrative record.

**F.**   Plaintiff anticipates designating his expert witnesses, if any, and providing expert reports, on or about June of 2004.

The parties agree that the opposing party will be able to designate responsive experts and provide their respective reports within thirty (30) days before September of 2004.

**G.**   Plaintiff anticipates taking experts' depositions within the discovery period.

**H.**   Defendants object to the designation of any experts as the Court's review is limited to the administrative record.   Defendants reserve the right to designate experts should Plaintiff designate experts or the Court allow such experts.

**10.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

**ANSWER:**

Plaintiff contends that he is entitled to undertake discovery (including the taking of depositions) and designate expert witnesses.

Defendants object to expert testimony and contend that the Court's review is limited to the administrative record.

**11.   Specify the discovery beyond initial disclosures that has been undertaken to date.**

**ANSWER:**

There has been no discovery undertaken to date.

**12.   State the date the planned discovery can reasonably be completed.**

**ANSWER:**

**Page -4-**

The parties believe that discovery can reasonably be completed on or about September of 2004.

**13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

   **ANSWER:**

   The parties agree to discuss settlement after initial disclosures are exchanged.

**14.    Describe what each party has done or agreed to do to bring about a prompt resolution.**

   **ANSWER:**

   The parties agree to discuss settlement after initial disclosures are exchanged.

**15.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively uses in this case.**

   **ANSWER:**

   Plaintiff agrees to participate in a non-binding mediation conference.

   Defendants will consider mediation after initial discovery.

**16.    Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.**

   **ANSWER:**

   The parties do not agree to a trial before a magistrate judge.

**17.    State whether a jury demand has been made and if it was made on time.**

   **ANSWER:**

   Plaintiff has not yet made a demand for a jury trial, but expects to do so within thirty (30) days after the initial pretrial conference which is currently scheduled on Friday, February 13, 2004 at 9:30 a.m..

   Defendants contend that Plaintiff is not entitled to a jury trial under ERISA.

**Page -5-**

18. **Specify the number of hours it will take to present the evidence in this case.**

    **ANSWER:**

    The parties agree that it will take between sixteen (16) and twenty (20) hours to present evidence in this case.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    **ANSWER:**

    None.

20. **List other motions pending.**

    **ANSWER:**

    None.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    **ANSWER:**

    None at this time.

22. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

    **ANSWER:**

    **LAW OFFICES OF**
    **ERNESTO GAMEZ, JR., P.C.**
    777 East Harrison Street
    Brownsville, Texas 78520
    Telephone No.:(956) 541-3820
    Facsimile  No.:(956) 541-7694
    E-Mail:  egamezlaw@aol.com

    BY: _____     01/30/04
           **VICTOR QUINTANILLA**        Date
           State Bar No. 00786181
           Federal Id. No. 16073

    **ATTORNEY-IN-CHARGE FOR**
    **PLAINTIFF GERALD M. ALEXANDER**

**SEDGWICK, DETERT, MORAN
& ARNOLD, L.L.P.**
1717 Main Street, Suite 5400
Dallas, Texas 75201-7367
Telephone No.:(469) 227-8200
Facsimile   No.:(469) 227-8004

BY: _Victor Quintrilla_ (with Permission)    Date _01/30/04_

**WAYNE B. MASON**
State Bar No. 13158950
Federal Id. No. 8694

**ATTORNEY-IN-CHARGE FOR
DEFENDANTS**

**OF COUNSEL:**

**KATHERINE RABE KULL**
State Bar No.24007886
Federal Id. No. 23665

**SEDGWICK, DETERT, MORAN
& ARNOLD, L.L.P.**
1717 Main Street, Suite 5400
Dallas, Texas 75201-7367
Telephone No.:(469) 227-8200
Facsimile   No.:(469) 227-8004