United States District Court
Southern District of Texas
FILED

MAY 2 8 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GERALD M. ALEXANDER, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION B-03-219 |
| | § | |
| PRUDENTIAL FINANCIAL AND THE | § | |
| PRUDENTIAL INSURANCE COMPANY | § | |
| OF AMERICA, | § | |
| Defendants | § | |

**DEFENDANTS PRUDENTIAL FINANCIAL AND THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Prudential Financial and the Prudential Insurance Company of America
(collectively, "Prudential") submit this Motion to Dismiss Pursuant to Rule 12(b)(6) of the
Federal Rules of Civil Procedure and, in support thereof, would respectfully show as follows:

**I.
PROCEDURAL HISTORY**

Plaintiff Gerald M. Alexander ("Plaintiff") filed this lawsuit in the 404th Judicial District
Court of Cameron County, Texas, to recover dependent benefits allegedly owed him under BAE
SYSTEMS Employee Benefit Plan (the "Plan"). The Plan is an employee welfare benefit plan
which is exclusively regulated by the Employee Retirement Income Security Act of 1974 as
amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Because the federal courts have exclusive
subject matter jurisdiction over ERISA claims, and because there is complete diversity between
the parties, Prudential removed this matter to the United States District Court for the Southern
District of Texas, Brownsville Division. Prudential has filed an answer to Plaintiff's complaint.

## II.
## SUMMARY OF ARGUMENT

In his complaint, Plaintiff contends that Prudential was obligated to pay accidental death benefits stemming from the death of David M. Alexander, a "Covered Person" under the Plan. However, Prudential is not a proper party to this case because it is neither the Plan, the Plan administrator nor a Plan sponsor. Further, Plaintiff has failed to exhaust the administrative remedies provided by the Plan. For these reasons, Plaintiff has failed to state a claim for which relief can be granted, and Prudential seeks dismissal of this matter under Rule 12(b)(6).

## III.
## ISSUES AND AUTHORITIES

### A.      STANDARD OF REVIEW

In ruling on a motion to dismiss an action under Rule 12(b)(6), the Court must accept the allegations as true, view them in a light most favorable to the Plaintiff, and draw all inferences in his favor. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 246-47 (5th Cir. 1997). Dismissal is proper, however, if the complaint does not allege a required element necessary to obtain relief. *Blackburn v. City of Marshall, Tex.*, 42 F.3d 925, 931 (5th Cir. 1995). Moreover, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.*

Generally, in considering a motion to dismiss for failure to state a claim, a district court must limit its inquiry "to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). But documents attached to a defendant's motion to dismiss are deemed "part of the

2

pleadings," and may therefore be considered by the Court, "if they are referred to in the plaintiff's complaint and are central to [his] claim." *Collins*, 224 F.3d at 498-99 (quoting *Venture Assos. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Such documents "merely assist[] the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim had been stated." *Id.* at 499. Specifically, when a plaintiff's suit is based upon an employee benefits plan, governed by ERISA, the court may consider plan documents attached to a defendant's 12(b)(6) motion to dismiss. *See Franks v. Prudential Health Care Plan, Inc.*, 164 F. Supp. 2d 865, 872 (W.D. Tex. 2001). Because a claimant for benefits under a plan necessarily relied on plan documents in framing his complaint, consideration of such documents does not convert a Rule 12(b)(6) motion into one under Rule 56. *Id.* at 872 n.4 (citing *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *Sheppard v. Tex. Dept. of Transp.*, 158 F.R.D. 592, 596 n.7 (E.D. Tex. 1994)).

Here, Plaintiff alleges that Prudential has failed to fulfill obligations stated in the Plan's "optional employee dependant accidental death and dismemberment insurance provision." *See* Plaintiff's Original Petition ¶¶ 4.01, 5.01. Because Plan documents are central to Plaintiff's claims under ERISA, it is appropriate for those documents to be considered as a part of Prudential's 12(b)(6) motion to dismiss. *Collins*, 224 F.3d at 498-99; *Franks*, 164 F. Supp. 2d at 872. Accordingly, Prudential is attaching to this Motion a copy of the Plan's "Claim Rules," as well as the "Summary Plan Description." Exhibit "A"; Exhibit "B."

## B.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE PRUDENTIAL IS NOT A PROPER PARTY TO THIS CASE

ERISA Section 502(d)(2) details that money judgments for employee benefits are enforceable "only against the plan as an entity." 29 U.S.C. § 1132(d)(2). In addition, the United

3

States Court of Appeals for the Fifth Circuit recently expanded the limits of § 502(d)(2) and held that, under certain circumstances, a "plan administrator or sponsor" may also be a proper party defendant. *Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 349 (5th Cir. 2003); *and see Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir. 1998); *Garren v. John Handcock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) ("The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan"). Thus, in this circuit, the only proper defendants in a claim for benefits under ERISA are the Plan, the Plan administrator, and the Plan sponsor. *Musmeci*, 332 F.3d at 349; *and see Mello v. Sara Lee Corp.*, 292 F. Supp. 2d 902, 906-07 (N.D. Miss. 2003).

Plaintiff here does not contend anywhere in his complaint that Prudential is a "Plan,"[1] a "Plan administrator,"[2] or a "Plan sponsor,"[3] as those terms are defined by ERISA. Indeed, he could not reasonably make such a contention. As is clearly detailed in the Summary Plan Description, the employee welfare benefit plan at issue is the BAE SYSTEMS Employee Benefit Plan. The Plan Administrator and Sponsor is BAE SYSTEMS. Accordingly, Prudential is not a proper party defendant and it should be dismissed. *See Musmeci.*, 332 F.3d at 349; *Layes*, 132 F.3d at 1249; *Garren*, 114 F.3d at 187; *Mello*, 292 F. Supp. 2d at 906-07.

---

[1] ERISA defines an "employee welfare benefit plan" as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) . . . benefits in the event of sickness, accident, disability, death or unemployment . . . ." 29 U.S.C. § 1002 (1)(A).

[2] In this instance, the Plan "administrator" is "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A)(i).

[3] Under ERISA, "the term 'plan sponsor' means (i) the employer in the case of an employee benefit plan established or maintained by a single employer." 29 U.S.C. § 1002(16)(B).

60076.1

## C.    PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES UNDER THE PLAN.

It is well-settled that, as a pre-requisite to filing a lawsuit under ERISA, a plaintiff must first exhaust the administrative remedies provided in the appropriate employee benefits plan. *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 33 (5th Cir. 1993); *Denton v. First Nat'l Bank of Waco, Tex.*, 765 F.2d 1295, 1303 (5th Cir. 1985); *and see Clancy v. Employers Health Ins. Co.*, 82 F. Supp. 2d 589, 598-99 (E.D. La. 1999); *Diaz v. Tex. Health Enters, Inc.*, 822 F. Supp. 1258, 1263-64 (W.D. Tex. 1983); *Rasmussen v. Metropolitan Life Ins. Co.*, 676 F. Supp. 1360, 1360 (W.D. La. 1988). This requirement is intended to ensure that ERISA trustees, not the federal courts, are responsible for their actions, and to prevent every ERISA claim from literally turning into a federal case. *Medina*, 983 F.2d at 33; *Denton*, 765 F.2d at 1303. For that reason, trial courts in this circuit consistently dismiss those ERISA claims which are filed before the claimant has exhausted all relevant administrative remedies. *Medina*, 983 F.2d at 33; *Diaz.*, 822 F. Supp. at 1264; *Rasmussen*, 676 F. Supp. at 1361.

Here, the Plan details that claimants must provide Prudential with "written proof of the loss for which claim is made under the Coverage. This proof must cover the occurrence, character and extent of that loss. It must be furnished within 90 days after the date of the loss . . . [or] as soon as reasonably possible." Exhibit A: Claim Rules. In the event that a claim is denied, a claimant is "entitled, upon written request, to a review of that claim decision by Prudential." Exhibit B, p. 43: Review of Claim Denial. In his complaint, Plaintiff does not allege that he submitted written proof of the purported accidental death for which he is claiming coverage; nor does he allege that any review of a claim decision was requested in writing. Indeed, neither of these administrative pre-requisites has been fulfilled. Because Plaintiff has failed to exhaust the administrative remedies available under the Plan, his claim must be dismissed. *See Medina*, 983

F.2d at 33; *Denton*, 765 F.2d at 1303; *Clancy*, 82 F. Supp. 2d at 598-99; *Diaz*, 822 F. Supp. at 1263-64; *Rasmussen*, 676 F. Supp. at 1360.

## IV.
## CONCLUSION

Plaintiff has failed to state a claim against Prudential upon which relief can be granted under ERISA.  Therefore, Prudential is entitled to dismissal, pursuant to Fed. R. Civ. P. 12(b)(6). Prudential respectfully requests that this Court grant its motion to dismiss with prejudice and for such other and further relief as this Court deems just, equitable and proper under the circumstances.

Respectfully submitted

By: *Linda Wills / by permission MLC*

Linda P. Wills
State Bar No. 21661400
Federal I.D. No. 12566
6363 Woodway, Suite 750
Houston, Texas  77057
(713) 785-7778
(713) 785-7780 (fax)

Attorney-in-Charge for Defendants
Prudential Financial and the Prudential Insurance
Company of America

OF COUNSEL:

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
Marjorie L. Cohen
State Bar No. 24031960
Federal I.D.  34303
6363 Woodway, Suite 750
Houston, Texas  77057
(713) 785-7778
(713) 785-7780 (fax)

60076.1

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been duly and properly served upon all counsel herein in accordance with the Federal Rules of Civil Procedure, on this the 27th day of May, 2004.

Victor Quintanilla
Law Offices of Ernest Gamez, Jr.
777 E. Harrison
Brownsville, Texas 78520-7118

_Linda Wills / by Permission mlc_

Linda Wills

7

60076.1

## CLAIM RULES

*These rules apply to payment of benefits under a Coverage when the Coverage states that they do.*

**Proof of Loss:**  Prudential must be given written proof of the loss for which claim is made under the Coverage.  This proof must cover the occurrence, character and extent of that loss.  It must be furnished within 90 days after the date of the loss, except that:

(1)   If any Coverage provides for periodic payment of benefits at monthly or shorter intervals, the proof of loss for each such period must be furnished within 90 days after its end.

(2)   If payment under a Coverage is to be made for charges incurred during a Calendar Year, the proof for that Calendar Year must be furnished within 90 days after its end.

A claim will not be considered valid unless the proof is furnished within these time limits.  However, it may not be reasonably possible to do so.  In that case, the claim will still be considered valid if the proof is furnished as soon as reasonably possible.  Prudential will pay benefits within 60 days after receiving satisfactory proof of loss.

**When Benefits are Paid:**  Benefits are paid when Prudential receives written proof of the loss.  But, if a Coverage provides that benefits are payable at equal intervals of a month or less, Prudential will not have to pay those benefits more often.

A benefit unpaid at your death will be paid to your estate.  But this does not apply if the Coverage or the Limits on Assignments section on an earlier page states otherwise.

**Physical Exam:**  Prudential, at its own expense, has the right to examine the person whose loss is the basis of claim.  Prudential may do this when and as often as is reasonable while the claim is pending.

**Legal Action:**  No action at law or in equity shall be brought to recover on the Group Contract until 60 days after the written proof described above is furnished.  No such action shall be brought more than three years after the end of the time within which proof of loss is required.

## INCONTESTABILITY OF INSURANCE TO WHICH THE CLAIM RULES APPLY

This limits Prudential's use of your statements in contesting an amount of that insurance for which you are insured.  These are statements made to persuade Prudential to effect an amount of that insurance.  They will be considered to be made to the best of your knowledge and belief.  These rules apply to each statement:

(1)   It will not be used in a contest to avoid or reduce that amount of insurance unless:

    (a)  It is in a written application signed by you; and

    (b)  A copy of that application is or has been furnished to you.

(2)   It will not be used in the contest after that amount of insurance has been in force, before the contest, for at least two years during your lifetime.

---

83500
BCL 1001



38

(1-12)

# SUMMARY PLAN DESCRIPTION

This booklet is intended to comply with the disclosure requirements of the regulations issued by the U.S. Department of Labor under the Employee Retirement Income Security Act (ERISA) of 1974. ERISA requires that you be given a "Summary Plan Description" which describes the plan and informs you of your rights under it.

**Plan Name**

BAE SYSTEMS Employee Benefit Plan

**Type of Plan**

Employee Welfare Benefit plan providing Basic Employee Term Life, Accidental Death and Dismemberment, Optional Employee Term Life, Optional Accidental Death and Dismemberment and Dependents Term Life coverages.

**Plan Sponsor**

BAE SYSTEMS
1601 Research Boulevard
Rockville, Maryland 20850

**Employer Identification Number**

74-2618088

**Plan Number**

503

**Plan Administrator**

BAE SYSTEMS
1601 Research Boulevard
Rockville, Maryland 20850

**Agent for Service of Legal Process**

BAE SYSTEMS
1601 Research Boulevard
Rockville, Maryland 20850
Attention: Director of Benefits

**Plan's Fiscal Year Ends**

December 31

**Plan Costs**

At present, the premiums for the Plan are paid by both the Employer and Employee.

SPD



42

(76817)

**Continuation of the Plan**

It is intended that this plan will be continued for an indefinite period of time; however, the Company reserves the right to change or terminate the plan or change the insurance carrier, in accordance with the law.

**Plan Benefits Provided by**

The Prudential Insurance Company of America
Prudential Plaza
Newark, New Jersey 07101

**Loss of Benefits**

You must continue to be a member of the class to which this Plan pertains and continue to make any of the contributions agreed to when you enroll. Failure to do so may result in partial or total loss of your benefits. In addition, the employer maintains the right to modify or terminate the Plan.

**Review of Claim Denial**

If a claim is denied, you or your authorized representative should receive within 90 days a written notice stating the basis for the denial. You will then be entitled, upon written request, to a review of that claim decision by Prudential. If you are not notified within 90 days, this may be considered a claim denial and you will be entitled to a review as described above.

Specific information regarding this review procedure can be obtained from your employer.

**Rights and Protections**

As a participant in this Plan, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA). ERISA provides that all plan participants shall be entitled to:

(1) Examine, without charge, at the plan administrator's office all plan documents, including insurance contracts, collective bargaining agreements and copies of all documents filed by the plan with the U.S. Department of Labor, such as detailed annual reports and plan descriptions.

(2) Obtain copies of all plan documents and other plan information upon written request to the plan administrator. The administrator may make a reasonable charge for the copies.

(3) Receive a summary of the plan's annual financial report. The plan administrator is required by law to furnish each participant with a copy of this summary annual report.

In addition to creating rights for plan participants, ERISA imposed duties upon the people who are responsible for the operation of this plan. The people who operate your plan, called "fiduciaries" of the plan, have a duty to do so prudently and in the interest of you and the other plan participants and beneficiaries.

No one, including your employer, your union, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a welfare benefit or exercising your rights under ERISA.

If your claim for a welfare benefit is denied in whole or in part, you must receive a written explanation of the reason for the denial. You have the right to have the plan review and reconsider your claim.

Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request materials from the plan and do not receive them within 30 days, you may file suit in a federal court. In such a case, the court may require the plan administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the administrator. If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court. If it should happen that plan fiduciaries misuse the plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in a federal court. The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous. If you have any questions about your plan, you should contact the plan administrator.

If you have any questions about this statement or about your rights under ERISA, you should contact the nearest office of the Pension and Welfare Benefits Administration, U.S. Department of Labor, listed in your telephone directory or the Division of Technical Assistance and Inquiries, Pension and Welfare Benefit Administration, U.S. Department of Labor, 200 Constitution Avenue N.W., Washington, DC 20210.